OPINION
{¶ 1} Linda Johnson, on behalf of her minor son, Rashid Johnson, is appealing from the decision of the trial court granting summary judgment to defendants, The Salvation Army and its employee appellee, David Childs, upon their motion, therefore denying the plaintiffs' claims that Rashid was injured as a result of an intentional tort by the defendants. The appellants bring the following two assignments of error:
 {¶ 2} "The trial court erred in sustaining appellee David Childs' motion for summary judgment.
 {¶ 3} "The court erred in failing to consider the totality of the circumstances in its determination of the intentional tort issue."
 {¶ 4} The essential facts of this case are set forth in the decision of the trial court, as follows:
 {¶ 5} "This case stems from an accident that occurred on September 29, 2000, in which Plaintiff, Rashid Johnson, suffered injuries after being thrown from a golf cart while attempting to aid two other employees at Defendant, Salvation Army's camp where they were employed as food service workers. Def.'s Mot. for Summary Judgment, p. 2. Throughout the term of Plaintiff's employment, Defendant, Lieutenant David Childs, Salvation Army's agent and employee, was responsible for the supervision of Plaintiff. Id.
 {¶ 6} "Earlier the same day of the accident, Plaintiff and other employees, including Defendant Childs, had been driving around the campgrounds on the golf carts and apparently experienced no difficulties or mishaps with respect to the golf carts. Id. at p. 3. However, at approximately 8:30 p.m. on September 29, Plaintiff and another employee left, with Defendant's permission, to go assist two other employees who had become stranded and were unable to get their golf cart back to the main camp. Id. Initially, Plaintiff and the other employee attempted to drive their golf cart out to assist the incapacitated employees but had to go back to the main camp because they could not see in the dark. Id. Once back at the camp, they asked Defendant if he had a flashlight, but he did not have one to let them use. Id. Plaintiff was forced to use his own flashlight. Id. However, Plaintiff's flashlight did not work, and they had to drive out to meet the stranded employees in the dark. Id.
 {¶ 7} "Plaintiff and the other employee found the stranded employees without incident and freed the stuck golf cart from the mud.Id. In doing so, Plaintiff obtained a spotlight from one of the previously stranded employees, and while traveling back to camp, Plaintiff drove ahead of everyone else and operated the spotlight to make the entire path visible in the dark. Id. On the return trip, Plaintiff accidentally shut the light off, ran off the paved road, and hit a tree, thereby injuring himself. Id. at p. 4.
 {¶ 8} "* * *
 {¶ 9} "On April 4, 2001, Plaintiff filed a worker's compensation claim with the state of Ohio and has since received benefits based on that claim. Nonetheless, Plaintiff believes he was the victim of an intentional tort at the hands of the Defendants, and as such is entitled to damages consummate with the injuries he has suffered."
 {¶ 10} After setting forth the requirements for summary judgment, the trial court analyzed the requirements of an intentional tort and then continued by applying these requirements to the facts in the case before us as follows:
 {¶ 11} "In an action by an employee against his employer alleging an intentional tort, upon motion for summary judgment by the defendant employer, the plaintiff employee must set forth specific facts which show that there is a genuine issue of whether the employer had committed an intentional tort against his employee. (1991) Fyffe, et al. v. Jeno's,Inc., 59 Ohio St.3d 115. An intentional tort by an employer against an employee is defined very narrowly where the employee is covered under Ohio's workers' compensation laws. Shacker v. Fashion Bug [sic: Bauer v.Fashion Bug] (Feb. 26, 1999), [sic: Greene] C.A. Case No. 98 CA 74, unreported. To establish an intentional tort by an employer, proof beyond that required to establish negligence or recklessness is required. Id.
 {¶ 12} "In Fyffe, supra, the Court stated that in order to establish intent for the purpose of proving the existence of an intentional tort committed by defendant employer against plaintiff employee, the following must be demonstrated:
 {¶ 13} "1) knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation;
 {¶ 14} "2) knowledge by the employer that if the employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty;
 {¶ 15} "3) that the employer, under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous task.
 {¶ 16} "Viewed in light most favorable to the non-moving party, Plaintiff in this instance, it is apparent that Defendant Childs' behavior with respect to Plaintiff did not rise to the level of `substantial certainty' required by the Supreme Court's decision inFyffe, supra, and later cases. Plaintiff's argument, therefore, is not well taken. All of the evidence advanced by Plaintiff to support the proposition that an intentional tort has been committed by Defendant only suggests that Defendant Childs was, at worst, negligent in his supervision of Plaintiff. Plaintiff, as well as three other youthful employees, had been riding around in the golf carts during the day in question without incident. Furthermore, the evidence demonstrates that Plaintiff is very familiar with the actual grounds upon which the camp is situated, his having worked there the previous year and been a camper there prior to that.
 {¶ 17} "In his Memorandum in Opposition, great emphasis is put on Plaintiff's age as being dispositive of Defendant's `substantial certainty' that harm was likely to befall Plaintiff while operating the golf cart. However, the case law provided by Plaintiff to support this assertion is distinguishable from the case at bar. The cases cited by Plaintiff in this regard deal with children notably younger than the plaintiff in the instant case. More importantly, all of the cases cited by Plaintiff dealing with the enhanced duty of care owed to children are negligence actions. Even if Defendant was adjudged to be negligent, this behavior on Defendant's part does not rise to the level of culpability necessary to establish an intentional tort by an employer.
 {¶ 18} "Simply put, Plaintiff's claim does not proffer the necessary elements to support a cause of action for an intentional tort against Defendants. Given the circumstances surrounding Plaintiff's accident, there is no evidence in the record that raises a genuine issue of material fact that suggests Defendant Childs acted with the requisite knowledge and intent to cause Plaintiff's injuries. Ohio's workers' compensation statutes were specifically designed to govern this claim, and the facts presented in this case are within those claims contemplated by the statutes. Therefore, summary judgment for Defendants is proper as no genuine issue of material fact exists with respect to Plaintiff's claim."
 {¶ 19} In addition to the rationale for her decision as set forth by the trial court, we agree with the contention of The Salvation Army in its brief that neither of the defendants had any rational reason to believe that Rashid's operation of the golf cart was dangerous to Rashid. He was thoroughly familiar with the campgrounds and the paved roadway on which he was driving when he had his accident. And, of course, the defendants could not have anticipated that Rashid would accidentally turn off the flashlight he was using and lose control of his golf cart while he was attempting to turn the flashlight back on. Furthermore, Childs testified that after Rashid's accident, it was light enough for him to have navigated his truck without using headlights to the scene of the accident. Childs dep. at 144.
 {¶ 20} Finally, we note that there was no evidence that the defendants required Rashid to use the golf cart in order to rescue the other employee team. In fact, Childs expressly instructed Rashid to walk to the camp entrance and he only reluctantly gave him permission to drive the golf cart when Rashid and his companion, Evan, pleaded with him for such permission.
 {¶ 21} We therefore agree with the trial court that plaintiffs have not presented evidence that the defendants knew that Rashid would be injured to a substantial certainty. Both assignments of error are overruled, and the judgment is affirmed.
FAIN, P.J. and WOLFF, J., concur.